# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EDWARD POWELL, | 1:10-cv-01272-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TERMINATE ACTION |
| v. | [Doc. 1] |
| HECTOR RIOS, Warden | |
| Respondent. | |
| _____/ | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

## BACKGROUND[1]

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges his convictions in the United States District Court for the Western District of Texas for possession of more than 50 grams of crack cocaine with the intent to distribute.  He was sentenced life without the possibility of parole.

///

_____

[1] This information is taken from the docket of the United States District Court for the Western District of Texas in Petitioner's underlying criminal conviction, case number 6:95-cr-00004-WSS-1. See Fed.R.Evid. 201 (this Court may take judicial notice of filings in another case); see also Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

1

1    Petitioner appealed his conviction to the United States Court of Appeals for the Fifth

2    Circuit and United States Supreme Court.  The Fifth Circuit affirmed the conviction, and the

3    Supreme Court denied certiorari.

4    On June 4, 2001, Petitioner filed a motion to vacate the judgment under 28 U.S.C. §

5    2255, in the sentencing court.  The motion was denied on November 29, 2001.  On December 18,

6    2001, the court denied Petitioner's motion for reconsideration.  On June 30, 2004, the court

7    denied Petitioner's subsequent § 2255 motion as successive.  On June 30, 2008, Petitioner filed

8    another § 2255 motion to vacate the judgment.  The motion was denied on September 22, 2008.

9    Petitioner filed the instant petition for writ of habeas corpus on July 16, 2010.  On August

10   2, 2010, Petitioner filed a motion to supplement the petition.  The Court hereby grants

11   Petitioner's motion to supplement the petition.

12                                       JURISDICTION

13   A prisoner who wishes to challenge the validity or constitutionality of his federal

14   conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

15   under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v.

16   Smith, 719 F.2d 938, 940 (8th Cir.1983);  In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

17   Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing*

18   *court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

19   conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

20   2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991);  Tripati, 843 F.2d at 1162; see

21   also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

22   In contrast, a prisoner challenging the manner, location, or conditions of that sentence's

23   execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v.

24   Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th

25   Cir. 1994);  Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);  United States v.

26   Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir.

27   1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);  Brown v. United

28   States, 610 F.2d 672, 677 (9th Cir. 1990).

1    In this case, Petitioner is challenging the validity and constitutionality of his federal

2 sentence rather than an error in the administration of his sentence.  Therefore, the appropriate

3 procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to

4 § 2241.   A petition contending Petitioner's conviction is invalid is still a § 2255 petition

5 regardless of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

6    In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

7 under § 2241 if he can show the remedy available under § 2255 to be "inadequate or ineffective

8 to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)

9 (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an

10 inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

11 exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is

12 insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

13 petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);

14 Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th

15 Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.

16 Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

17    To the extent Petitioner claims that § 2255 is inadequate and ineffective, it is without

18 merit.  The Ninth Circuit has provided little guidance on what constitutes "inadequate and

19 ineffective" in relation to the savings clause. The Ninth Circuit has acknowledged that "[o]ther

20 circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction,

21 but who has never had an unobstructed procedural shot at presenting a claim of innocence, may

22 resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223

23 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  Nevertheless, the Ninth Circuit in

24 Lorentsen specifically declined to decide whether to adopt the holdings of any other circuits.  Id.

25 Notably, however, the Ninth Circuit did find that the Petitioner in Lorentsen could not invoke the

26 "escape hatch in § 2255" because the Petitioner was not "actually innocent" of the underlying

27 conviction.  Id.

28

3

1    It is clear that Petitioner's arguments do not demonstrate the § 2255 forum to be
2  inadequate or ineffective. Petitioner contends that he never had an unobstructed opportunity to
3  present his claims due to a procedural bar because relief under § 2255 is foreclosed.  First, as
4  Petitioner acknowledges, he has had several unobstructed procedural opportunities to present his
5  claims, and he has done so. Indeed, Petitioner has availed himself of presenting filings to the
6  point of being sanctioned by both the district and appellate courts.  The savings clause can only
7  be satisfied if Petitioner has been denied the *opportunity* to present his claims, which he concedes
8  he has not. The savings clause does not serve as a further level of appeal.[2]  Moreover, Petitioner
9  does not present a colorable claim of actual innocence.  Petitioner submits the declaration of
10  Donnak Chittenden, who declares that Petitioner could not have been speeding and his vehicle
11  should not have been stopped when the drugs were discovered.  However, the statements made in
12  this declaration pertaining to Petitioner's alleged actual innocence are inadmissible hearsay.
13  Fed.R.Evid. 1101(e).  The statements that Petitioner was not speeding and should not have been
14  stopped by officers are out-of-court statements offered to prove the truth of the matter asserted.
15  Accordingly, Petitioner has failed to present evidence colorable to demonstrate that it is more
16  likely than not that no reasonable juror would have convicted him.  Bousley v. United States, 523
17  U.S. 614, 623 (1998).  In addition, although Petitioner has already a § 2255 motion, the Ninth
18  Circuit stated, "the dismissal of a § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render
19  federal habeas relief an ineffective or inadequate remedy." Moore v. Reno, 185 F.3d 1054, 1055
20  (9th Cir.1999).  Petitioner's arguments fail to satisfy the savings clause, and the instant petition
21  must be dismissed.
22  ///
23  ///
24  ///
25  ///
26  ///
27
28    [2] In addition, Petitioner has previously filed a 28 U.S.C. § 2241 petition in this Court challenging the very same conviction in case number 1:07-cv-0which was likewise dismissed as a disguised 28 U.S.C. § 2255 motion.

**ORDER**

Accordingly, the Court ORDERS that the Petition for Writ of Habeas Corpus is DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

IT IS SO ORDERED.

**Dated:**   **September 1, 2010**            _____ **/s/ Dennis L. Beck** _____
                                      UNITED STATES MAGISTRATE JUDGE